

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| MICHAEL NORTON<br>Plaintiff,<br><br>v.<br><br>FLEETWAY HEAVY DUTY PARTS, INC.,<br>GENESIS CONSOLIDATED SERVICES,<br>INC., SUSAN PATTI and ANDREW PATTI<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this case arises under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

2. Venue in this district is proper under 28 U.S.C. § 1391.

### PARTIES

3. The plaintiff, Michael Norton (the "plaintiff" or "Norton") is a resident of Woburn, Massachusetts.

4. The defendant, Fleetway Heavy Duty Parts, Inc. ("Fleetway"), is upon information and belief, a Massachusetts corporation with a principal place of business at 193 Maplewood Street, Malden, Massachusetts.

5. The defendant, Genesis Consolidated Services, Inc. ("Genesis"), is a corporation with a usual place of business located at 76 Blanchard Road, Burlington, Massachusetts.

6. The defendant, Andrew Patti ("Patti"), is an individual with a residence at 12 Higgins Avenue, Medford, Massachusetts.

7. The defendant, Susan Patti ("Susan Patti"), is an individual with a residence at 12 Higgins Avenue, Medford, Massachusetts.

## STATEMENT OF FACTS

8. Fleetway is in the business of selling parts for trucks and trailers.

9. Norton was employed by Fleetway as a parts counter clerk from on or about June 1, 2003 until his termination on May 27, 2005.

10. Norton's primary duties were to receive telephone calls from customers ordering truck parts, waiting on customers who came to the store to purchase truck parts, pulling parts from stock, ordering truck parts from manufacturers or dealers, unloading delivery trucks and stocking inventory.

11. During the course of his employment at Fleetway, Norton was informed that the defendant, Genesis, a "Professional Employer Organization," had become his employer of record pursuant to a contractual agreement with Fleetway. Genesis became responsible for handling payroll and human resources functions. At all times, however, Fleetway maintained control of the day to day supervision of Norton's employment duties.

12. During the entire course of his employment, Norton regularly worked from 7:30 a.m. until 5:00 p.m., Monday through Friday. In addition, Norton was frequently compelled to finish work at 5:30 p.m. or later due to the heavy workload. Due to the workload, Norton was unable to take a lunch break. Rather, Norton ate his lunch while on duty at the parts desk or in visual sight of the parts desk. Norton was also required to work four (4) hours one Saturday every month.

13. Therefore, since June 1, 2003, Norton worked in excess of nine (9) hours per week over the regularly scheduled 40 hours per week. Norton worked these additional hours with the knowledge, consent and at the direction of the defendants, including without limitation, his boss, the defendant Andrew Patti.

14. Norton was paid a salary of $775 per week. Norton was not paid in commissions.

15. Norton was never paid over-time for any of the hours he worked over 40 hours per week since June 1, 2003. Norton is a non-exempt employee, as he does not perform an executive, administrative or professional function, nor was he paid on a commission basis.

16. The defendant, Susan Patti, is the President of Fleetway. Susan Patti is the wife of the defendant, Andrew Patti.

17. The defendant, Andrew Patti, is, upon information and belief, the Chief Executive and/or Chief Operating Officer and a shareholder of Fleetway. Andrew Patti is the husband of the defendant, Susan Patti. At all times relevant to

this complaint, Andrew Patti was in charge of the day to day operations of Fleetway.

## COUNT ONE

18. The plaintiff restates and realleges herein the allegations of ¶¶ 1-17 of this complaint.

19. The plaintiff worked for the defendants in excess of the maximum 40 hours per week provided by the Fair Labor Standards Act.

20. The defendants failed to pay the plaintiff at the rate of time and one-half for the hours worked by the plaintiff in excess of 40 hours per week.

21. The defendants' actions as set forth above establish willful violations of 29 U.S.C. § 216(b).

22. As a direct and proximate result of the defendants' actions as set forth above, the plaintiff has suffered damages, including but not limited to, the failure to receive compensation for the hours worked in excess of 40 hours per week at the overtime rate and attorney's fees.

WHEREFORE, the plaintiff requests that judgment enter against the defendants, jointly and severally, in an amount to be determined at trial, which shall include the amount of the plaintiff's unpaid overtime wages, an equal amount as liquidated damages, and an award of reasonable attorney's fees and costs.

## COUNT TWO

23. The plaintiff restates and realleges herein the allegations of ¶¶ 1-22 of this complaint.

24. The defendants employed the plaintiff as a parts counter clerk for a workweek longer than 40 hours and failed to pay the plaintiff compensation for the plaintiff's employment in excess of 40 hours at a rate not less than one and one half (1½) times the regular rate at which he was employed.

25. Defendants' actions constitute a violation of M.G.L. c. 151 § 1A and 1B.

26. The plaintiff filed a Complaint for Non-Payment of Wage with the Massachusetts Attorney General, and by letter dated June 16, 2005, the plaintiff received permission to institute a civil action.

27. As a direct and proximate result of the defendants' actions as set forth above, the plaintiff has suffered damages, including but not limited to, the failure to receive compensation for the hours worked in excess of 40 hours per week at the overtime rate and attorney's fees.

WHEREFORE, the plaintiff requests that judgment enter against the defendants, jointly and severally, in an amount to be determined at trial, which shall include unpaid overtime compensation, treble damages, reasonable attorney's fees and costs.

## JURY DEMAND

The plaintiff claims a trial by jury on all issues and claims so triable.

>MICHAEL NORTON
>By his Attorneys,
>
>Gary M. Feldman
>BBO # 162070
>**DAVIS, MALM & D'AGOSTINE, P.C.**
>One Boston Place
>Boston, MA 02108-4470
>(617) 367-2500