# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION No 05-11297 MEL

| | |
|---|---|
| Michael NORTON<br>*Plaintiff* | )<br>)<br>) |
| v | )<br>)<br>) |
| FLEETWAY HEAVY DUTY PARTS, INC.<br>GENESIS CONSOLIDATED SERVICES,<br>INC., SUSAN PATTI and ANDREW PATTI<br>*Defendants* | )<br>)<br>)<br>) |

### ANSWER
### OF THE DEFENDANTS FLEETWAY HEAVY DUTY PARTS, INC., SUSAN PATTI and ANDREW PATTI

NOW COME the Defendants, Fleetway Heavy Duty Parts, Inc., Susan Patti, and Andrew Patti, through counsel, and ANSWER the Complaint of the Plaintiff in this matter as follows:

1. Paragraph 1 of the Complaint asserts a conclusion of law for which no response is required.

2. Admitted.

3. The Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that Norton was employed from June 2, 2003 to on or about May 13, 2005 as Parts Manager; admitted that from on or about May 13, 2005 to his date of termination on or about May 27, 2005, Norton was employed as a "counterman"; denied that Norton was simply

"employed by Fleetway"; further answering, Norton was an employee leased by Fleetway from Genesis Consolidated Services, Inc.

10. Denied that Norton's primary duties were as stated; further answering Fleetway states that Norton's primary duties were the performance of office or non-manual work directly related to the management or general business operations of Fleetway or Fleetway's customers; including the exercise of discretion and independent judgment with respect to matters of significance including but not limited to devising and ensuring execution of operating procedures for the Parts Department; deciding what inventory is needed and from which supplier to obtain certain inventory; negotiating discounts or other terms on purchases from suppliers; coordinating and dispatching Fleetway drivers according to perceived needs; training and supervising employees, e.g.

11. Admitted that Norton was hired with Genesis, a Professional Employer Organization, on his original start date on or about June 2, 2003, with full knowledge of Genesis' role from the beginning of his employment. Admitted also that Genesis was responsible for payroll and human resource functions; admitted that Fleetway maintained overall control of its day to day operations, in part via Norton's management of the Parts Department.

12. Admitted that Norton at times ate his lunch at the parts desk or within sight of the parts counter; admitted that during Norton's tenure as a management employee he was required to work one Saturday per month but after he was demoted to non-management status he was no longer so required; the balance of allegations in Paragraph 12 are Denied.

13. Denied.

14. Admitted.

15. Denied that Norton was owed any overtime pay; the balance of allegations in Paragraph 15 are also Denied.

16. Admitted.

17. Denied that Andrew Patti is Chief Executive and/or Chief Operating Officer of Fleetway. Admitted that Andrew Patti is the General Manager in charge of overall daily operations of Fleetway; admitted that Andrew Patti is the Secretary and a Director of the corporation; admitted that Andrew Patti is the husband of Susan Patti.

18. The Defendants restate and incorporate by reference herein the preceding responses to Paragraphs 1-17 of the Complaint.

19. Denied that the overtime provisions of the FLSA apply to Norton; admitted that some weeks Norton may have worked over forty hours; Norton also worked numerous weeks less than forty hours but accepted a full week's salary.

20. Denied that the overtime provisions of the FLSA apply to Norton.

21. Denied.

22. Denied.

23. The Defendants restate and incorporate by reference herein the preceding responses to Paragraphs 1-22 of the Complaint.

24. Denied that Norton was employed as a non-exempt "parts counter clerk"; denied that the overtime provisions of the FLSA apply to Norton.

25. Denied.

26. The Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 26 of the Complaint, and call upon the Plaintiff to prove the same.

27. Denied.

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The plaintiff is estopped from asserting his claim by his own acts and omissions.

THIRD AFFIRMATIVE DEFENSE

In the event the Court finds the Defendant(s) liable on the claims stated, which liability the Defendant(s) deny, the Plaintiff's recovery must be reduced by the value of the compensation the Plaintiff has unjustly received from the Defendant(s), and if the latter exceeds the former, the Plaintiff must be ordered to pay the excess to the Defendants.

FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery due to a failure to exhaust administrative remedies.

FIFTH AFFIRMATIVE DEFENSE

In the event the Court finds the Defendant(s) liable on the claims stated, which liability the Defendant(s) deny, the Plaintiff is barred from recovery because he suffered no recoverable damages, or, if any, recoverable damages are de minimis.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of laches.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from equitable relief by the "clean hands" doctrine; that he who seeks equity must do equity.

EIGHT AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by failure of consideration.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

WHEREFORE, the Defendants respectfully pray this Honorable Court DISMISS the Complaint of the Plaintiff and enter judgment accordingly for these Defendants, and award such other and further relief to these Defendants as the Court deems just and proper.

DATE:  August 30, 2005

Fleetway Heavy Duty Parts, Inc., Susan Patti, and Andrew Patti,
*Defendants,*
by their attorney,

_____
Harold Owen Beede, Esq.
BBO # 560316
Healey, Deshaies, Gagliardi & Woelfel, PC
24 Market Street
Amesbury, MA 01913
(978) 388-1787

**CERTIFICATE OF SERVICE**

I hereby certify a true copy of the above document was served upon all parties or counsel of record ~~in hand~~ / by mail this 30th day of August, the year 2005

_____
Harold Owen Beede