UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL NORTON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FLEETWAY HEAVY DUTY PARTS, INC., )<br>GENESIS CONSOLIDATED SERVICES, )<br>INC., SUSAN PATTI and ANDREW PATTI, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 05-11297 MEL |

**ANSWER OF DEFENDANT GENESIS CONSOLIDATED SERVICES, INC.**

NOW COMES Defendant Genesis Consolidated Services, Inc., by and through its counsel, Nixon Peabody LLP, and answers the Complaint in the above-captioned matter as follows:

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the degree a response is required, Paragraph 1 is denied.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the degree a response is required, Paragraph 2 is denied.

3. Genesis Consolidated Services, Inc. ("Genesis") lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 3, and it is therefore denied.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Genesis lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 6, and it is therefore denied.

M125145.1

7. Genesis lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 7, and it is therefore denied.

8. Paragraph 8 is admitted.

9. Genesis admits that plaintiff was employed by Fleetway, on information and belief, between June 1, 2003 and May 27, 2005. Genesis admits that during a portion of plaintiff's employment with Fleetway, he was employed as a counter clerk. Any remaining allegations in Paragraph 9 are denied. By way of further answer, Genesis states that plaintiff was also employed by Fleetway as a parts manager.

10. Genesis lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 10, and it is therefore denied. By way of further answer, Genesis states that, on information and belief, while performing the duties of parts manager, Plaintiff met the criteria set forth in Section 13(a)(1) of the Fair Labor Standards Act so as to be exempt from the overtime requirements of said Act.

11. Genesis admits that it is a Professional Employer Organization with a contract with Fleetway effective on or about June 2, 2003, whereby Genesis handled, *inter alia*, payroll and human resources functions for Fleetway. Genesis further admits that Fleetway maintained control of the day-to-day supervision of plaintiff's employment duties. Any remaining allegations in Paragraph 11 are denied.

12. Genesis lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 12, and it is therefore denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.  By way of further answer, Genesis states that Plaintiff was not entitled to overtime while performing the duties of parts manager.

16. Paragraph 16 is admitted.

17. Genesis admits that Andrew Patti is the General Manager of Fleetway and the husband of co-defendant Susan Patti, and that he was in charge of the day-to-day operations of Fleetway at all times relevant to the Complaint.  Genesis has insufficient knowledge and information to form an opinion as to the accuracy or the remainder of this paragraph, and it is therefore denied.

18. Genesis restates and incorporates by reference herein the preceding paragraphs 1 through 17.

19. Genesis denies that the overtime requirements of the Fair Labor Standards Act applied to plaintiff while he was performing the duties of  parts manager, and denies that any violations of the Fair Labor Standards Act occurred as alleged in plaintiff's Complaint.  Any additional allegations in Paragraph 19 are denied.

20. Genesis denies that the overtime requirements of the Fair Labor Standards Act applied to plaintiff while he was performing the duties of parts manager, and denies that any violations of the Fair Labor Standards Act occurred as alleged in plaintiff's Complaint.  Any additional allegations in Paragraph 20 are denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Genesis restates and incorporates by reference herein the preceding paragraphs 1 through 22.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Genesis lacks sufficient knowledge or information to form a belief as to the accuracy or truthfulness of Paragraph 26, and it is therefore denied.

27. Paragraph 27 is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Neither plaintiff's Complaint, nor any purported claim for relief therein, states facts sufficient to constitute a claim for relief against Genesis. Plaintiff's Complaint fails entirely to state a claim against Genesis upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not employed by Genesis, which is not an employer within the meaning of the Fair Labor Standards Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was employed by Fleetway in a bona fide administrative capacity as set forth in the Fair Labor Standards Act and implementing/interpreting regulations, and is therefore exempt from the overtime provisions of the Fair Labor Standards Act.

### FIFTH AFFIRMATIVE DEFENSE

Genesis' actions were in good faith and in conformity and in reliance upon a written administrative regulation, order, ruling, approval and/or interpretation of the U.S. Department of Labor and its administrative practice or enforcement policy.

### SIXTH AFFIRMATIVE DEFENSE

Genesis acted in good faith at all times relevant to the Complaint and has a reasonable ground for believing that the act or omission complained of was not in violation of the Fair Labor Standards Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because plaintiff failed to exhaust all necessary administrative remedies prior to filing suit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by his conduct from asserting any claims upon which he seeks relief.

### TENTH AFFIRMATIVE DEFENSE

As a consequence of plaintiff's bringing or maintaining this action, Genesis has been required to retain attorneys for defend itself, and is therefore entitled to recover attorney's fees.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The acts, omissions and/or damages alleged by plaintiff are related to the acts of a third party outside Genesis' control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Genesis is entitled to a setoff for any amounts actually paid to plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail for lack of consideration.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail due to ratification.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail due to lack of privity with Genesis.

Genesis reserves the right to assert any and all additional affirmative defenses which may be determined or become available by operation of law or during the course of discovery in this matter.

WHEREFORE, defendant Genesis Consolidated Services, Inc. respectfully requests that this Court:

1. Dismiss the Complaint in its entirety, with prejudice;

2. Award Genesis its attorney's fees and costs associated with defending this action; and

3. Grant such other and further relief as the Court deems just and proper.

Date: September 30, 2005          Respectfully submitted,

**NIXON PEABODY LLP,**

/s/Courtney Worcester
John E. Friberg, Jr., Esq. (BBO # 632487)
Courtney Worcester, Esq. (BBO # 643180)
*Attorneys for Defendant*
*GENESIS CONSOLIDATED SERVICE, INC.*
889 Elm Street
Manchester, New Hampshire 03101
(603) 628-4000

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<div style="margin-left: 50%;">

/s Courtney Worcester
Courtney Worcester

</div>